UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VERONICA B.,

                               **Plaintiff,**

    vs.                                                  6:20-cv-598
                                                           (MAD/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                               **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                  **HOWARD D. OLINSKY, ESQ.**
250 South Clinton St., Ste 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **CHRISTOPHER LEWIS POTTER, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is a motion brought by Plaintiff Veronica B. for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 18. Defendant does not oppose the motion. Dkt. No. 19.

### II. BACKGROUND

    Plaintiff commenced this action on June 1, 2020, appealing the Commissioner's final decision. *See* Dkt. No. 1. On December 9, 2020, the Court issued a judgment, pursuant to the

parties' joint stipulation, ordering that the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further proceedings.  *See* Dkt. Nos. 16, 17.  On February 23, 2021, Plaintiff filed a motion requesting attorney's fees under the EAJA in the amount of $5,459.42.  *See* Dkt. No. 18.  In response, the Commissioner does not contest the award.  *See* Dkt. No. 19.

### III. DISCUSSION

The EAJA provides that

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "'Any fee award under the EAJA must be reasonable.'"  *Lofton v. Saul*, No. 19-cv-454, 2020 WL 858649, *1 (D. Conn. Feb. 21, 2020) (quotation omitted).  "A reasonable fee is determined by 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *J.O. v. Astrue*, No. 3:11-cv-1768, 2014 WL 1031666, *1 (D. Conn. Mar. 14, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  A district court has broad discretion when determining the reasonableness of attorney's fees and may make appropriate reductions to the fee requested as necessary.  *See Walker v. Astrue*, No. 04–CV–891, 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).

In this case, Plaintiff claims that an EAJA award is available as: (1) Plaintiff was a "prevailing party" in a case against the government; (2) Plaintiff is eligible to receive an award because her net worth did not exceed $2,000,000 at the time the action was filed; (3) her fee

request is reasonable; and (4) the position of the United States was not substantially justified. *See* Dkt. No. 18-7. The Commissioner does not oppose Plaintiff's fee application. *See* Dkt. No. 19.

Plaintiff requests an award in the amount of $5,459.42 for 23 hours of attorney work at a rate of $209.52 per hour and 6.4 hours of paralegal work at a rate of $100 per hour. *See* Dkt. No. 18-1 at 8. There is no dispute regarding the fact that Plaintiff is a "prevailing party" under the EAJA by virtue of the Court's decision remanding the case back to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (holding that a "sentence four" remand entitles the plaintiff to prevailing party status for the purpose of awarding attorney's fees). The Commissioner has not opposed Plaintiff's request and therefore does not argue that its position was "substantially justified."

As for the reasonableness inquiry, Plaintiff's counsel has submitted a fee itemization that seeks $4,819.42 in attorney's fees for 23 hours of attorney time, which reflects a rate of $209.54 per hour. *See* Dkt. No. 18-1 at 2. Additionally, Plaintiff seeks $640.00 for 6.4 hours of paralegal time, which reflects a rate of $100.00 per hour. *See id*. The Court finds that both rates are reasonable and commensurate with rates awarded in similar cases in the Northern District of New York.

The Court further finds that the amount of time spent on this case is reasonable. District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater*, No. 95 CIV. 8847, 1997 WL 12806, *2 (S.D.N.Y. Jan. 14, 1997); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). A review of the contemporaneous billing records provided by Plaintiff's counsel does not reveal any unreasonable charges or time

allocations. *See* Dkt. No. 18-3 at 2-3.

Based on the foregoing, the Court grants Plaintiff's motion for attorney's fees.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 18) is **GRANTED** in the amount of $5,459.42; and the Court further

**ORDERS** that, if the United States Department of the Treasury determines that Plaintiff owes no debt that is subject to offset, this award shall be paid directly to Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2021
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge